ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EDUARDO RUBIO CARTAYA<br><br>Recurrido<br><br>v.<br><br>NANCY DOLORES MÉNDEZ GONZÁLEZ; NANCY CAROLINA DEVESA MÉNDEZ<br><br>Peticionaria | KLCE202400748 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre:<br>Acción para obligar al Cumplimiento de las Obligaciones del Vendedor en Contrato de Compraventa; Para Obligar al Otorgamiento de Escrituras de Compraventa; y otros Remedios Bajo el Código Civil de 2020/Desahucio<br><br>Caso Número:<br>SJ2023CV05016<br>Consolidado con<br>SJ2023CV07736 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de agosto de 2024.

Comparecen Nancy Dolores Méndez González ("señora Méndez González") y Nancy Carolina Devesa Méndez ("señora Devesa González") (en conjunto, "Peticionarias") mediante *Certiorari* y solicitan la revisión de la *Resolución* dictada el 3 de junio de 2024 y notificada el 4 de junio de 2024 por el Tribunal de Primera Instancia, Sala de San Juan ("TPI"). Mediante el referido dictamen, el TPI denegó la solicitud de sentencia sumaria y desestimación instada por las Peticionarias. De igual manera, el foro primario declaró *No Ha Lugar* la solicitud de sentencia sumaria presentada por Eduardo Rubio Cartaya ("señor Rubio Cartaya" o "Recurrido").

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* solicitado y se modifica el dictamen recurrido, a los únicos efectos de eliminar el cuarto hecho determinado por el TPI, así modificada, se *Confirma.*

Número Identificador
SEN2024_____

**I.**

El 25 de mayo de 2023, el señor Rubio Cartaya presentó una *Demanda* sobre incumplimiento contractual en contra de la señora Méndez y la señora Devesa. El señor Rubio Cartaya adujo que, el 4 de noviembre de 2022, había suscrito un contrato de opción de compra con la señora Méndez González, con el fin de adquirir la titularidad de los Apartamentos C y E del Condominio Calle Italia 2027, por la cantidad de $2,000,000.00. Detalló que, el referido contrato quedó perfeccionado, sin que se pactaran condiciones suspensivas, ya que desde el momento en que la señora Méndez manifestó su oferta, el señor Rubio la aceptó inmediatamente. No obstante, alegó que, el 12 de abril de 2023, la señora Méndez González le envió un mensaje a la pareja del señor Rubio, mediante el cual negó la existencia del acuerdo de compraventa. Así las cosas, el señor Rubio Cartaya solicitó, en síntesis, que se le ordenara a la señora Méndez González y a la señora Devesa Méndez a otorgar las escrituras correspondientes para inscribir la titularidad y el dominio de las referidas propiedades a su favor.

Luego de varios trámites procesales, los cuales no son necesarios pormenorizar, el 17 de agosto de 2023, las Peticionarias presentaron una *Moción Solicitando Sentencia Sumaria y Desestimación.* En síntesis, arguyeron que no existía un contrato de opción de compra válido, por lo cual el señor Rubio Cartaya no podía exigir su cumplimiento.

Por su parte, el 18 de septiembre de 2023, el señor Rubio Cartaya presentó su *Oposición a Moción de Sentencia Sumaria Parcial*, en la cual acumuló una *Moción para que se dicte Sentencia Sumaria a favor de la Parte Demandante.*

El 31 de octubre de 2023, las partes presentaron una *Moción Conjunta en Cumplimiento de la Orden a la Entrada Núm. 60 de SUMAC.* Mediante la referida moción, las partes estipularon un total de catorce (14) hechos.

Tras varias instancias procesales, el 3 de junio de 2024, el TPI emitió una *Resolución*, notificada el 4 de junio de 2024. Mediante el referido dictamen, el TPI denegó la solicitud de sentencia sumaria y desestimación

instada por las Peticionarias, así como la moción de sentencia sumaria presentada por el Recurrido. El foro primario realizó un total de doce (12) determinaciones de hechos y concluyó que existían controversias sustanciales sobre hechos materiales que impedía la resolución sumaria del pleito.

Inconformes, el 8 de julio de 2024, la señora Devesa Méndez y la señora Méndez González acudieron ante esta Curia mediante recurso de *Certiorari*. Las Peticionarias le imputaron al TPI la comisión del siguiente error:

**Erró el Honorable TPI al incluir en las determinaciones de hechos en su resolución denegando una moción de sentencia sumaria, un hecho que corresponde a una alegación de la demanda y no fue estipulado por las partes, adem[á]s de ser inconsistente con lo resuelto.**

El 10 de julio de 2024, dictaminamos una *Resolución* mediante la cual le concedimos al señor Rubio Cartaya un término de diez (10) días para presentar su alegato en oposición, conforme dispone la Regla 37 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.37. Transcurrido el término dispuesto, procedemos a resolver sin la comparecencia de la parte recurrida.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede

expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, "*permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones donde no exista controversia material de hecho que requiera ventilarse en un juicio plenario, y el derecho así lo permita*". *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020). Mediante el mismo, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *Íd.* Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Íd.*

[A]l presentar una moción de sentencia sumaria, al amparo de [la] Regla 36.2, [se] deberá cumplir con los siguientes requisitos de forma, los cuales están preceptuados en la Regla 36.3 de Procedimiento Civil: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de

todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687 (2019).

Al considerar la solicitud, el Tribunal deberá asumir ciertos los hechos no controvertidos que se encuentran sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). La inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Conforme a esta normativa procesal, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón, supra.* Por el contrario, viene obligada a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud puesto que, de incumplir, corre el riesgo de que se dicte sentencia sumaria en su contra, de la misma proceder en derecho. *Íd.*

En la oposición a una solicitud de sentencia sumaria, el promovido debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *Íd.* Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* Al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente

en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *Íd.*

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Rivera Rodríguez v. Rivera Reyes*, 168 DPR 193, 212 (2006). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o aquellos en los que estén presentes cuestiones de interés público". *Íd.*, pág. 579.

Por otro lado, sabido es que, cuando un Tribunal emita una sentencia, especificará los hechos que fueron probados y consignará separadamente sus conclusiones de derecho. 32 LPRA Ap. V, R. 42.2. En lo pertinente al caso, si el Tribunal deniega una moción de sentencia sumaria, no concede todo el remedio solicitado o no resuelve la totalidad del pleito, la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, expresa que "*será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos [...]*". Lo anterior simplifica el desfile de prueba en el juicio, pues los hechos no controvertidos se consideran probados. *Ramos Pérez v. Univisión*, 178 DPR 200, 221 (2010).

Además, y según dispuesto por el Tribunal Supremo de Puerto Rico, los criterios de revisión apelativa ante una sentencia sumaria son los siguientes: (1) no se puede considerar prueba no presentada ante el nivel de instancia; (2) no se puede adjudicar hechos materiales en controversia; (3) la revisión apelativa es *de novo*; (4) se debe examinar el expediente de la manera más favorable hacia quien se opone a la solicitud de sentencia

sumaria; (5) se debe observar que las mociones cumplan con los requisitos de la Regla 36 de Procedimiento Civil de 2009, *supra,* y lo discutido en *SLG Zapata Rivera v. JF Montalvo, 189 DPR 414 (2013)*; (6) debe exponer los hechos materiales controvertidos y los incontrovertidos si los hubiese; y (7) ante un caso donde no existan hechos materiales en controversia, el tribunal apelativo procederá a revisar *de novo* si el TPI aplicó correctamente el Derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118-119 (2015).

Asimismo, nuestro más Alto Foro ha señalado que:

> [...] el Tribunal de Apelaciones debe: 1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de formas codificados en la referida Regla 36, *supra*; 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas,* 199 DPR 664, 679 (2018).

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *González Santiago v. Baxter Healthcare*, 202 DPR 281 (2019). A tal efecto, nuestra revisión es una *de novo*, y el análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *Íd.* De esta manera, si encontramos que los hechos materiales realmente están incontrovertidos, debemos revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Íd.*

### III.

Las Peticionarias sostienen que incidió el foro recurrido al incluir en la *Resolución* notificada el 4 de junio de 2024 una alegación contenida en la demanda como un hecho incontrovertido, sin prueba que lo sustente. En

específico, la señora Méndez González y la señora Devesa Méndez impugnan la siguiente determinación de hecho realizada por el TPI:

> 4. El 12 de abril de 2023, Méndez González le remitió un mensaje a la pareja consensual de Rubio Cartaya, negando la existencia del contrato de compraventa. Posteriormente, el 4 de mayo de 2023, por medio de la aplicación WhatsApp, Méndez González le escribió a Rubio Cartaya para pedirle todos los documentos y llaves de acceso que le habían entregado luego de que acordaron la compraventa de los Apartamentos C y E, y expresó su deseo de que Rubio Cartaya y su pareja, se mudaran del Apartamento C.[1]

Conforme surge del expediente ante nos, los doce (12) hechos determinados por el foro recurrido emanan de los hechos estipulados por las partes mediante *Moción Conjunta en Cumplimiento de la Orden a la Entrada Núm. 60 de SUMAC*. El hecho estipulado por las partes que dio origen a la cuarta determinación de hecho del TPI fue el siguiente:

> 5. **En la página 9 acápite treinta uno (31) de la demanda el Demandante expuso**: El 12 de abril de 2023, Méndez González le remitió un mensaje a la pareja consensual de Rubio Cartaya, negando la existencia del contrato de compraventa. Posteriormente, el 4 de mayo de 2023, por medio de la aplicación WhatsApp, Méndez González le escribió a Rubio Cartaya para pedirle todos los documentos y llaves de acceso que le habían entregado luego de que acordaron la compraventa de los Apartamentos C y E, y expresó su deseo de que Rubio Cartaya y su pareja, se mudaran del Apartamento C.[2]

(Énfasis suplido)

A pesar de que el aludido hecho únicamente fue estipulado a los efectos de expresar que era una alegación contenida en la demanda, el foro primario lo acogió como un hecho material y eliminó la frase que establecía: "*[e]n la página 9 acápite treinta uno (31) de la demanda el Demandante expuso...*". Por otro lado, evaluada la solicitud de sentencia sumaria instada por el señor Rubio Cartaya, constatamos que la única evidencia presentada por el Recurrido para sustentar tal alegación fue su propia declaración jurada.

Al momento, la alegación presentada por el señor Rubio Cartaya no ha sido probada ni, tampoco, estipulada por las partes. Por todo lo cual, erró

---

[1] Véase, Apéndice de la Parte Peticionaria, a la pág. 5 (*Resolución*).
[2] Véase, Apéndice de la Parte Peticionaria, a la pág. 47 (*Moción Conjunta*).

el TPI al realizar la cuarta determinación de hechos dispuesta en la *Resolución* recurrida.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* solicitado y se modifica el dictamen recurrido, a los únicos efectos de eliminar el cuarto hecho determinado por el TPI, así modificado, se *Confirma.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones